UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULETTE HEARD,

    Plaintiff,                                  Civil Action No. 14-CV-14152

vs.                                            HON. BERNARD A. FRIEDMAN

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

    Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is presently before the Court on defendant's motion to dismiss [docket entry 7].  Plaintiff has not responded to this motion and the time for her to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a "wrongful foreclosure" case.  According to documents attached to the complaint and to defendant's motion, plaintiff purchased property commonly known as 6517 Snowapple Drive in Clarkston Michigan, in April 2005.  Plaintiff granted a mortgage in the property to CitiMortgage, Inc., in exchange for a mortgage loan.  In November 2010 CitiMortgage assigned the mortgage to defendant Federal National Mortgage Association ("FNMA").  Beginning in July 2011, plaintiff  stopped making her monthly payments in full and on time.  At some point plaintiff requested a loan modification, but in December 2013 the loan servicer denied the request. Foreclosure by advertisement proceedings were commenced, and on April 22, 2014, FNMA obtained a sheriff's deed.  Plaintiff did not redeem the property and the redemption period expired on October 22, 2014.

On September 24, 2014, plaintiff commenced the instant action.  She alleges that

"Defendants[1] have fraudulently allowed Plaintiff to submit several loan modifications," that "During each loan modification Defendants would state that they need more documents and/or that they did not receive said documents," and that "[d]uring this period, Defendants were starting the foreclosure process by listing the notice in a newspaper." Comp. ¶¶ 7, 8, 10. The complaint asserts claims for wrongful foreclosure, breach of contract, and fraudulent misrepresentation. The first claim is based on the allegation that defendants "fail[ed] to properly calculate the amount claimed to be due on the date of the notice of foreclosure." *Id.* ¶ 22. The second claim is based on the allegation that defendants breached a duty of good faith and fair dealing by "[d]isingenuously negotiating loss mitigation assistance with the Plaintiff" and "[m]isleading Plaintiff about approval and extension of loss mitigation assistance as an alternative to foreclosure." *Id.* ¶ 26. And the third claim is based on the allegation that defendants induced her "to refrain from defending the [f]orclosure in reliance on the [r]epresentations made by Defendants." *Id.* ¶ 30. For relief plaintiff seeks an order setting aside the sheriff's sale, an order granting her a loan modification, and damages.

As the motion is unopposed, the Court shall dismiss the complaint for the reasons urged by defendant. All of plaintiff's claims fail because plaintiff has forfeited any right she may have had to challenge the sheriff's sale by failing to act "promptly and without delay." *Day Living Trust v. Kelley*, 2013 WL 2459874, at *9 (Mich. App. June 6, 2013). Plaintiff did not file the instant action until the redemption period had nearly expired. This hardly qualifies as "prompt" action. Nor has plaintiff made a "clear showing of fraud or irregularity" by the defendant as regards the foreclosure process, as she must in order to successfully challenge the foreclosure post sheriff's sale.

---

[1] Plaintiff initially named both CitiMortgage and FNMA as defendants, but subsequently dismissed her complaint as to CitiMortgage.

*El-Seblani v. IndyMac Mortgage Servs.*, 510 F. App'x 425, 428 (6th Cir. 2013).  Nor is the equitable remedy plaintiff seeks (i.e., that the court set aside the sheriff's sale and deed) available, as her sole remedy under Michigan's loan modification statute is to have the foreclosure-by-advertisement converted to a judicial foreclosure proceeding.  *See* Mich. Comp. Laws § 600.3205c(8).

Further, while plaintiff alleges that "defendants" made various misstatements in connection with her request for loan modification, by not responding to defendant's motion to dismiss she concedes that any such statements were not made by FNMA (the only remaining defendant in this action) but by a non-party, the loan servicer, Seterus, Inc.  Even if statements made by Seterus could somehow be attributed to FNMA, the allegations of dishonesty and fraud are so amorphous that no claim for relief is stated.  *See* Fed. R. Civ. P. 9(b).   Accordingly,

IT IS ORDERED that defendant's motion to dismiss is granted.


S/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:   January 8, 2015
            Detroit, Michigan

3